THE STATE OF OHIO, APPELLANT, *v.* SPARTA ENERGY CORPORATION, APPELLEE.

(No. 1325 — Decided April 4, 1988.)

*Gregory J. Brown,* prosecuting attorney, and *Steven D. Phillips,* for appellant.

*Baker & Hostetler* and *Thomas H. Shunk,* for appellee.

FORD, P.J.  On July 17, 1986, defendant-appellee, Sparta Energy Corporation, was charged alternatively on two counts of negligent violation of R.C. 1509.22. Under the first count, appellee was charged with the negligent placement of brine in surface water or groundwater in or on the land in such quantities or in such manner as to actually cause or reasonably be anticipated to cause damage or injury to public health or safety of the environment R.C. 1509.22(A). Under the second alternative count, appellee was charged with the negligent storing or dispensing of brine in violation of a plan approved by the Division of Oil and Gas, pursuant to R.C. 1509.06(I), or in violation of those rules applicable to such plan, to wit, Ohio Adm. Code 1501:9-1-07, 1501:9-9-03(F), and 1501:9-3-08. R.C. 1509.22(B). On August 7, 1986, appellee entered an appearance in the Ashtabula County Court at which time it entered a plea of not guilty to the charges. Appellee subsequently waived its right to a speedy trial and a jury trial was scheduled to commence on March 10, 1987.

130

Prior to trial on the matter, appellee filed a Crim. R. 12(B) motion *in limine* with the trial court, requesting the suppression of any and all evidence and argument offered by the state of Ohio concerning the liability of appellee for the actions of Moss Creek Drilling Corporation and/or Charles Kaiser, the independent well-site drilling contractor and its well-site drilling supervisor, respectively. The motion was predicated on the state's claim that non-negligent violations of R.C. 1509.22(A) and (B) were expressly made subject to criminal fines under R.C. 1509.99(A), thus constituting lesser included offenses of the negligent violations of these statutory provisions. Second, the state argued that R.C. 1509.22(E), which makes a well owner or operator liable for a violation of this statute, created a nondelegable duty, the violation of which would be a negligent act, regardless of appellee's actual knowledge of the claimed violation.

A hearing was conducted on appellee's motion *in limine,* at the conclusion of which the trial judge granted this motion. In particular, the trial judge determined that R.C. 1509.99(A) did not create criminal liability for strict or non-negligent violations of R.C. 1509.22(A) and (B). Further, the court held that the R.C. 1509.22(E) obligations imposed on a well owner or operator could not serve as a mechanism for imputing the negligence of an independent contractor to such owner or operator for the purpose of R.C. Chapter 1509 penalties.

Pursuant to R.C. 2945.67 and Crim. R. 12(J), the state filed a notice of appeal with this court, contending that the trial court's ruling had rendered its case so weak that any reasonable possibility of effective prosecution had been destroyed.

The state of Ohio now assigns the following as errors:

"1. The trial court erred in ruling pursuant to appellee's pre-trial motion *in limine* that Ohio Revised Code Chapter 1509 does not create criminal penalties for strict liability (non-negligent) violations of Ohio Revised Code Section 1509.22(A) and (B), so as to in effect dismiss the lesser included offenses contained in the complaints.

"2. The trial court erred in ruling pursuant to appellee's pre-trial motion *in limine* that Chapter 1509 and Section 1509.22(E) of the Ohio Revised Code do not impose upon a well owner/permit holder a non-delegable duty of compliance with Revised Code Section 1509.22 by virtue of which the well owner/permit holder's criminal negligence could be established by proof of the negligent or knowing violations of Revised Code Section 1509.22(A) or (B) at the well site by its independent contractor/driller."

At the outset, this court must address the appealability of the trial court's ruling granting appellee's motion *in limine,* an issue which was raised at oral argument on this case.

In *State* v. *Davidson* (1985), 17 Ohio St. 3d 132, 17 OBR 277, 477 N.E. 2d 1141, the Ohio Supreme Court faced the same question presently before us, where it held that:

"Any motion, however labeled, which, if granted, restricts the state in the presentation of certain evidence and, thereby, renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed, is, in effect, a motion to suppress. The granting of such a motion is a final order and may be appealed pursuant to R.C. 2945.67 and Crim. R. 12(J)." *Id.* at syllabus.

Since *Davidson, supra,* is equally dispositive of the instant issue, attention is thus directed to the merits of this appeal.

In its first assignment of error, the

state contends that criminal liability can be imposed against appellee, under R.C. 1509.99, for a violation of R.C. 1509.22(A) and (B), absent any showing of negligence, such non-negligent violations constituting lesser included offenses. In support of its position, appellant relies on certain statutory provisions.

First, the state argues that since R.C. 1509.22(A) and (B) are devoid of any language reflecting the degree of culpability necessary for a violation of these provisions, resort must be had to R.C. 2901.21(B). This statutory subsection provides that:

*"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense.* When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." (Emphasis added.)

The state further directs this court's attention to R.C. 1509.99(A), which expressly makes any violation of R.C. 1509.01 through 1509.31 a criminal offense subject to the imposition of various fines and jail sentences.

"Whoever violates sections 1509.01 to 1509.31 of the Revised Code or any rules adopted or orders or terms or conditions of a permit issued pursuant to these sections for which no specific penalty is provided in this section shall be fined not less than one hundred nor more than one thousand dollars for a first offense; for each subsequent offense such person shall be fined not less than two hundred nor more than two thousand dollars." R.C. 1509.99(A).

R.C. 1509.99 defines the criminal penalty scheme for R.C. Chapter 1509.

While R.C. 1509.99(A) makes a violation of the provisions of R.C. Chapter 1509 an offense without regard to the appropriate culpable mental state, by its very terms, this statutory subsection is restricted to "sections for which no specific penalty is provided in this section * * *." In this regard, R.C. 1509.99(C) describes the specific penalties to be imposed for both negligent and knowing · violations of R.C. 1509.22(A) and (B). Hence, since R.C. 1509.99(C) delineates certain penalties for a violation of R.C. 1509.22(A) and (B), the strict liability provisions of R.C. 1509.99(A) are not applicable to these statutory subdivisions.

The state, however, contends that the underlying purpose of R.C. 1509.99(C) is to provide for greater penalties in the event of a negligent or knowing violation of R.C. 1509.22(A) and (B). However, if this had been the desired result, there would not have been any need for the General Assembly to include the language "for which no specific penalty is provided in this section * * *" in R.C. 1509.99(A). This language is clearly indicative of the legislative intent not to impose criminal sanctions for non-negligent violations of R.C. 1509.22(A) and (B). In this respect, none of the cases cited by the state is supportive of its position that R.C. Chapter 1509 creates criminal penalties for non-negligent violations of R.C. 1509.22(A) and (B). See *State* v. *Wac* (1981), 68 Ohio St. 2d 84, 22 O.O. 3d 299, 428 N.E. 2d 428; *State* v. *Tipka* (1984), 12 Ohio St. 3d 258, 12 OBR 337, 466 N.E. 2d 898; *State* v. *Budd Co.* (1980), 67 Ohio App. 2d 23, 21 O.O. 3d 340, 425 N.E. 2d 935.

In view of the above, the first assignment of error is concluded to be without merit.

In the second assignment of error, the state urges that R.C. 1509.22(E) imposes a nondelegable duty on a well

owner or permit holder to ensure compliance with the provisions of R.C. 1509.22 and that the criminal negligence of an owner/permit holder can be established by proof of the negligent violation of R.C. 1509.22(A) and (B) at the well site by an independent contractor. This assignment is not well-taken.

R.C. 1509.22(E) provides that:

"*The owner holding a permit,* or an assignee or transferee who has assumed the obligations and liabilities imposed by Chapter 1509. of the Revised Code and any rules or orders issued thereunder pursuant to section 1509.31 of the Revised Code, and the operator of a well *shall be liable for a violation of this section or* any rules adopted or orders or terms or conditions of a permit issued under this section." (Emphasis added.)

Further pertinent is R.C. 1509.31, which states, in relevant part, as follows:

"*The owner holding a permit under section 1509.05 of the Revised Code is responsible for all obligations and liabilities imposed by Chapter 1509. of the Revised Code* and any rules, orders, and terms and conditions of a permit issued thereunder, and *no assignment or transfer by the owner relieves the owner of the obligations and liabilities* until and unless the assignee or transferee files with the division of oil and gas the information described in divisions (A), (B), (C), (D), (E), (H), (K), (L), (M), and (N) of section 1509.06 of the Revised Code; files or has filed the certificate of insurance required by section 1509.07 of the Revised Code; and executes and files a surety bond, negotiable certificates of deposit, or cash, as described in section 1509.07 of the Revised Code. * * *" (Emphasis added.)

The foregoing statutory provisions are reflective of a legislative attempt to hold a well owner/permit holder responsible under certain circumstances for ensuring compliance with those duties set out in R.C. Chapter 1509. While those duties imposed upon a well owner/permit holder are substantially those of a nondelegable nature, we are of the view that the relevant statutes can only be construed as imposing vicarious liability in the context of civil penalties, and not R.C. 1509.99 criminal penalties.

As previously discussed, R.C. 1509.99(C) requires that the culpable mental state of a negligent or knowing violation of R.C. 1509.22(A) and (B) be established prior to the imposition of a fine or jail sentence. Here, appellee was indicted for negligently violating R.C. 1509.22(A) and (B), thus requiring the state to prove negligence on the part of appellee. As stated in R.C. 2901.22(D):

"(D) A person acts negligently when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that his conduct may cause a certain result or may be of a certain nature. A person is negligent with respect to circumstances when, because of a substantial lapse from due care, he fails to perceive or avoid a risk that such circumstances may exist."

However, if the state's position were to be adopted, namely, that the criminal negligence of a well owner/permit holder can be established by proof of an independent contractor's negligence at the well site, the R.C. 1509.99 requirement of proving a culpable mental state would be thwarted. We thus conclude that R.C. 1509.22(E) and 1509.31 do not impose vicarious liability against a well owner/permit holder in the criminal context.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK and CHRISTLEY, JJ., concur.